**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**TENNESSEE PACKERS, INC., FROSTY MORN DIVISION, Respondent.**

**Nos. 15751, 16061.**

United States Court of Appeals
Sixth Circuit.

March 6, 1968.

See also, 6 Cir., 390 F.2d 782.

Paul Elking and Charles M. Steele, Attys., N.L.R.B., Washington, D. C., for petitioner; Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Nancy M. Sherman, Atty., N.L.R.B., Washington, D. C., on brief.

Asa R. Ambrister, Nashville, Tenn., for respondent.

Before WEICK, Chief Judge, and O'SULLIVAN and EDWARDS, Circuit Judges.

PER CURIAM.

These cases pertain to the computation of wages and interest due on certain back pay awards.[1] Before oral argument of these cases, respondent wrote the General Counsel of the National Labor Relations Board asking for agreement to a one-month delay in filing of briefs in order to attempt to effect settlement.

The Assistant General Counsel responded: "In regard to settlement of these cases, discussions regarding such matters should be conducted with the Regional Office."

---

1. The Board's decisions and orders in these cases are reported at 158 N.L.R.B. No. 130 (1966) and 160 N.L.R.B. No. 120 (1966).

Respondent initiated such discussions. Figures pertaining to wages and interest in each back pay case were agreed upon. The Regional Director then sent respondent a letter, dated July 13, 1967, confirming the settlement and directing how the checks were to be written. Respondent then forwarded checks in compliance therewith.

Subsequently the agreement thus arrived at was rejected by the General Counsel's office of the NLRB and respondent's checks were returned.

At oral argument before this court counsel for the NLRB took the position that the settlement figures stated in the Regional Director's letter of July 13, 1967, did not reflect interest computations. But in its supplemental brief filed subsequent to the hearing, the Board now concedes that interest was included in the computations.

There is nothing in the record to indicate any objection to the settlement by the charging party. In fact, it appears to us that the Board now offers no reason for rejection of the settlement except that no such settlement is final until it has Board approval.

 The National Labor Relations Act has committed exclusive authority pertaining to remedial measures for unfair labor practices to the Board itself, subject only to judicial review. 29 U.S. C. § 160(c) (1964). As a matter of law no "settlement" can be binding until and unless it has Board approval. N.L.R.B. v. Armstrong Tire & Rubber Co., 263 F.2d 680 (5th Cir. 1959). See also N.L. R.B. v. Decker, 322 F.2d 238 (8th Cir. 1963); N.L.R.B. v. Local No. 2, of Association of Journeymen and Apprentices of Plumbing and Pipefitting Industry, 360 F.2d 428 (2d Cir. 1966).

We are not, however, in the instant cases apprised of the position taken by the Board itself pertaining to this "settlement." There was no legal requirement after entry of the Board orders of June 3, 1966, and September 30, 1966, for the General Counsel or the Regional Director to enter into any negotiations, or for the latter to enter into any proposed settlement. Since, however, the record shows that both were done, we feel that the Board itself should pass upon the proposed settlement before petitioning for an enforcement order from this court.

Respondent asserts and the Board does not deny that the settlement was the product of good faith "give and take" between the company and the Board's Regional Director. The company advised the Board's General Counsel of its intention to attempt a settlement. As set out, the General Counsel replied that, "discussion regarding such matter [settlement] should be conducted with the Regional Office." The company did as it was told and in good faith made a settlement with the Regional Director. We suggest, therefore, the Board's consideration of carrying through with the settlement made, as a means of protecting the government's reputation for fair dealing with its citizens.

The petition for enforcement is denied and the cases are remanded to the Board for further proceedings consistent with this opinion.