**CONSOLIDATED FOODS CORPORA-TION, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent,**
and
**Retail Store Employees Union, Local No. 876, Intervenor.**

**No. 18073.**

United States Court of Appeals
Sixth Circuit.

Nov. 21, 1968.

Paul W. Walter, Cleveland, Ohio, for petitioner; D. Rusk Haverfield, John J. Kelly, Jr. Walter, Haverfield, Buescher & Chockley, Cleveland, Ohio, George T. Roumell, Jr., Armstrong, Helm, Marshall & Schumann, Detroit, Mich., Robert Maxson, Jr., Cuyahoga Falls, Ohio, Lawson Milk Co., on brief.

Mitchell L. Strickler, Atty., N.L.R.B., Washington, D. C., for respondent; Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Nancy M. Sherman, Laurence J. Hoffman, Attys., N.L.R.B., on brief.

Before WEICK, Chief Judge, COMBS, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

The Board found that petitioner, through its wholly owned subsidiary, Lawson Milk Company, violated Sections 8(a) (1) and 8(a) (3) of the National Labor Relations Act through coercive interrogation and the discharge of certain employees. The Board's decision and order are reported at 165 N.L.R.B. No. 129. The discharged employees were a supervisor, Thomas Fletcher; Fletcher's wife, Susan; and a clerk, Jean Marie Hibblen. The company petitions this Court to vacate the decision and order of the Board on the ground that it is not supported by substantial evidence; the Board cross-petitions for enforcement.

The facts relevant to the discharge of Mr. and Mrs. Fletcher are these: Fletcher was a manager-trainee in charge of Store No. 908, one of petitioner's forty-one retail grocery stores in the Detroit, Michigan area. He commenced work in this capacity in mid-May, 1966, and was so engaged at the time of his discharge on September 19, 1966. Mrs. Fletcher worked as a clerk in Store 908 and other stores in the Detroit area. On September 14, 1966, Mrs. Fletcher began working with union representatives in organizing employees in petitioner's Detroit stores.

The record shows that throughout his tenure with the company Thomas Fletcher was an unsatisfactory employee. He had been asked repeatedly to furnish the company with a $500 cash bond required of all store managers, but has never done so. On several occasions, Fletcher's supervisors had rebuked him for his irregular work hours and sloppy maintenance of his store. Moreover, there was an unexplained inventory shortage at Store 908. Fletcher's immediate supervisor, Arthur Schmidt, had recommended, as early as August 5, 1966, that Fletcher be discharged.

The decision to fire Thomas Fletcher was made on Thursday, September 15, 1966, to be effective Monday morning, September 19. Fletcher was discharged by Schmidt on September 19, and the reason proffered was Fletcher's failure to post bond. Schmidt also informed Mrs. Fletcher that she, too, was being terminated "for the same reason." It was the company's policy, when a husband and wife were both employed and one was terminated, to terminate the

other spouse automatically. The existence and uniform application of this policy is not questioned.

 The decisive question on this part of the appeal is whether the motivating factor in the Fletchers' discharge was Mrs. Fletcher's union activity. Without reaching the question whether discharge of a supervisor can be a violation of the Act, we hold that the Board's finding of violation of Sections 8(a) (1) and 8(a) (3) with regard to the Fletchers' discharge was not supported by substantial evidence.

There is no evidence to indicate that the company was aware of Mrs. Fletcher's union activity when the decision was made to discharge her husband. The only evidence in regard to the company's motivation in firing Thomas Fletcher supports the view that his discharge stemmed from legitimate business reasons and did not amount to an unfair labor practice. N.L.R.B. v. Barberton Plastics Products, Inc., 354 F.2d 66 (6th Cir.1965). See also Montgomery Ward & Co. v. N.L.R.B., 377 F.2d 452 (6th Cir.1967). Likewise, there is no evidence to indicate that Mrs. Fletcher's discharge was through other than the proper application of a company rule. See N.L.R.B. v. Tennessee Packers, Inc., 390 F.2d 787 (6th Cir.1968). The Board placed great stress on the company's unrelated anti-union actions and its hostile attitude toward the Fletchers after their discharge. But, this alone is not substantial evidence upon which the Board's order can be sustained.

 The Board also found that a clerk, Jean Marie Hibblen, had been fired for signing a union card. There is evidence that Miss Hibblen and other clerks were warned not to support the union and were told that any employee who signed a union card would be discharged. Since Miss Hibblen had already signed a union card, she became alarmed and apologetically confessed this fact to her supervisor. Although the supervisor later reassured her that "he had taken care of it," Miss Hibblen was soon discharged, ostensibly because of a cut in operating funds. It appears, however, that her position was soon thereafter filled by a new clerk. There was some evidence that Miss Hibblen was fired for cause, but the findings of the Board that her discharge violated Sections 8(a) (1) and 8(a) (3) are supported by substantial evidence on the record as a whole.

The Board also found a violation of Section 8(a) (1) through the company's coercive interrogation of and threats of discharge to several other employees. Without detailing these instances, it is sufficient to say the Board's findings are supported by the evidence.

Enforcement is denied as to that part of the order which requires reinstatement and restitution for Thomas and Susan Fletcher; the remainder of the order will be enforced.