**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**STATE STOVE & MFG. CO., Inc., Respondent.**

No. 18355.

United States Court of Appeals
Sixth Circuit.

Nov. 25, 1968.

David C. Nevins, N. L. R. B., Washington, D. C., Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Elliott Moore, Attorney, N. L. R. B., Washington, D. C., on brief, for petitioner.

Wilson Sims, Nashville, Tenn., for respondent.

Before EDWARDS, McCREE, and COMBS, Circuit Judges.

PER CURIAM.

The Board found that the respondent, State Stove & Mfg. Co., Inc., violated Sections 8(a) (1) and 8(a) (3) of the National Labor Relations Act by discriminatorily assigning an employee, John Polk, to a difficult job and then discharging him for refusing the assignment. The Board found that this action by the company was prompted by Polk's union activity. The Board's order is reported at 164 N.L.R.B. No. 14. The order directed the company to cease and desist, to reinstate Polk with back pay, and to post appropriate notices. The Board petitions for enforcement.

Polk was hired by State Stove on June 13, 1966. He was assigned various tasks by the company, but most often he placed

metal jackets on hot water heaters. His immediate supervisor was Dillon Anderson, a foreman. Polk testified that some time during the first week of July he was assigned to place fiberglas insulation on hot water heaters. After about two hours on this job, he complained to Anderson that his skin was sensitive to fiberglas and that he would not work with it. He offered to quit rather than to continue working with the material; Anderson placed him on another job.

While on his way to work on July 19, Polk encountered a union organizer. After a short conversation, Polk took some union cards to pass out among his fellow workers. Arriving at the plant, he went to the lunchroom and gave cards to several employees. While attempting to give a card to one man, Polk noticed that Foreman Anderson was standing some eight to ten feet away, apparently watching him. Polk hastily put the card away, and Anderson moved on.

Shortly after work commenced on the same day, Anderson approached Polk, who was placing metal jackets on water heaters, and told him to switch to the fiberglas job. According to Polk, another employee regularly had been performing this task and had been given a raise for so doing. Polk refused to work with the fiberglas and was fired.

■■ Anderson's version of the incident is considerably different, but the hearing examiner and the Board chose to credit Polk's testimony. The principle is well-settled, of course, that the responsibility for choosing between conflicting testimony is for the Board. N. L. R. B. v. Tennessee Packers, Inc., 390 F.2d 787 (6th Cir. 1968). The Board's findings of fact must be respected by this Court if supported by substantial evidence on the record as a whole. 29 U.S.C. § 160(e) (1964); N. L. R. B. v. Universal Camera Corp., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). Under this standard, the Board's finding that the foreman assigned Polk to the fiberglas job, knowing he would refuse it, as a pretext to fire him for union activity is supported by the record.

■ Notwithstanding the validity of the Board's findings, its order is subject to question. The order requires that State Stove offer Polk reinstatement to "his former or substantially equivalent position," making him whole for any loss of pay he may have suffered. Generally speaking, this is an appropriate remedy in a situation like this. However, at the hearing in this cause, State Stove offered Polk his job back, with the proviso that he would be expected to work with fiberglas from time to time "like everybody else does." This offer was not explored by the hearing examiner, nor was any conclusive finding made whether the company had in fact offered to reinstate Polk to the job from which he was discharged.

The record is not clear as to the exact requirements of the job that Polk last held. He testified that other employees were excused from working with fiberglas, and Anderson admitted that any man displaying unusual sensitivity to fiberglass would be excused from working with it. It is clear that Polk refused to work with fiberglas but it is not clear whether he is unusually sensitive to the material or merely considers this an unpleasant task.

The company offered to call as witnesses three employees who held jobs similar to Polk's, and it was stated by avowal that they would testify about the general requirements of the job and their experience in working with fiberglas. This offer of proof was rejected by the hearing examiner. We are of the opinion this testimony might have been helpful in determining whether the company made a good faith offer to reinstate Polk to his last job. Also, further inquiry to the company should be made by the hearing examiner in regard to the offer to reinstate.

■ In view of the present state of the record, we are unwilling at this time to enforce that part of the order which directs that Polk recover lost wages beyond the date of the hearing, December 1, 1966. Accordingly, the order will be enforced insofar as it requires State

Stove to cease and desist, to post appropriate notices, to offer reinstatement to Polk, and to compensate him for lost wages to the time of the hearing. The cause is remanded to the Board for further proceedings in regard to the offer of the company made at the hearing to reinstate Polk.